UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| VISTA CAPITAL INVESTMENTS, LLC, | Case No.: 19-cv-1302-WQH-BGS |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| NATURAL SHRIMP, INC., | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiff's Complaint filed by Defendant Natural Shrimp, Inc. (ECF No. 6).

**I.    PROCEDURAL HISTORY**

On April 30, 2019, Plaintiff Vista Capital Investments, LLC ("Vista"), filed a complaint against Defendant Natural Shrimp, Inc. ("Natural Shrimp"), in state court in Dallas, Texas (the "Dallas Complaint"). *Vista Capital Investments, LLC v. Natural Shrimp, Inc.*, No. DC-19-06160. Vista alleged one cause of action against Natural Shrimp for breach of a Warrant under which Vista alleged it was entitled to acquire 16,052,090 shares of Natural Shrimp's common stock. On July 3, 2019, Natural Shrimp filed a motion to dismiss the Dallas Complaint. Natural Shrimp contended that the Dallas state court lacked jurisdiction "because the document that the Plaintiff seeks to enforce has a forum selection clause requiring that San Diego County, California, is the exclusi[ve] jurisdiction for any litigation arising from the document." (Ex. 1, Declaration of Joshua G. Simon, ECF No. 6-

3 at 4).¹

On the same day Natural Shrimp filed its motion to dismiss the Dallas Complaint, it filed a complaint against Vista and Vista's principal, David Clark, in this Court (the "Natural Shrimp Complaint"). *Natural Shrimp, Inc. v. Vista Capital Investments, LLC et al.*, 3:19-cv-01239-WQH-BGS. In the Natural Shrimp Complaint, Natural Shrimp brings claims against Vista for rescission of a Securities Purchase Agreement, Warrant, and Convertible Note, fraudulent inducement, breach of the covenant of good faith and fair dealing, unjust enrichment, and promissory estoppel. Natural Shrimp brings a single claim against David Clark for fraudulent inducement.

On July 11, 2019, Vista and Natural Shrimp filed a joint stipulation of dismissal without prejudice in the Dallas case.²

On July 12, 2019, Vista filed the present Complaint against Natural Shrimp (the "Vista Complaint"). (ECF No. 1). In the Vista Complaint, Vista alleges that Vista and Natural Shrimp entered into a Securities Purchase Agreement in January 2017. Vista alleges that Natural Shrimp granted Vista a Warrant to purchase 70,000 shares of Natural Shrimp's common stock at an initial exercise price of $0.60 per share. Vista alleges that the Warrant contains a price-adjustment provision. Vista alleges that, if Natural Shrimp grants another party a right to acquire its stock at a price lower than $0.60 per share, under

---

¹ Natural Shrimp requests the Court take judicial notice of Natural Shrimp's motion to dismiss. (ECF No. 6-3). Vista has not challenged the authenticity of the motion to dismiss, and it directly relates to the matters at issue. Accordingly, the Court takes judicial notice of this document, attached as "Exhibit 1" to the Declaration of Joshua G. Simon (ECF No. 6-3). *See Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1136-37 (S.D. Cal. 2006) (explaining that courts may take judicial notice of other courts' proceedings if they "directly relate to matters before the court"); *see also U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); Fed. R. Evid. 201(b).

² Vista requests the Court take judicial notice the Dallas Complaint, the stipulation of dismissal in the Dallas case, and the Natural Shrimp Complaint. (ECF No. 11-1). Natural Shrimp has not challenged the authenticity of these documents, and the documents directly relate to the matters at issue. Accordingly, the Court takes judicial notice of these documents, attached as "Exhibit A," "Exhibit B," and "Exhibit C" to Vista's Request for Judicial Notice. *Hayes*, 444 F. Supp. 2d at 1136-37; *Borneo, Inc.*, 971 F.2d at 248; Fed. R. Evid. 201(b).

2

19-cv-1302-WQH-BGS

the price adjustment provision Natural Shrimp must immediately notify Vista in writing and allow Vista to purchase shares at the lower price.

Vista alleges that Natural Shrimp issued shares of common stock to a third party at a price of $0.0026 per share. Vista alleges that Natural Shrimp failed to notify Vista in writing of the issuance and that Vista learned about the issuance through Natural Shrimp's SEC filings. Vista alleges that on February 22, 2019, Vista sent notice to Natural Shrimp exercising its right under the Warrant to acquire 16,153,846 shares of Natural Shrimp's stock at a price of $0.0026 per share. Vista alleges that it elected to purchase additional shares through a "cashless exercise" provision in the Warrant, trading some of Vista's shares back to Natural Shrimp to acquire the additional shares without transferring any cash to Natural Shrimp. (*Id.* ¶¶ 32-33). Vista alleges that Natural Shrimp refused to honor Vista's notice of exercise, breaching the terms of the Warrant. Vista brings one cause of action against Natural Shrimp for breach of contract. Vista seeks damages in the amount of $7,135,154 and attorneys' fees, costs, and interest.

On August 20, 2019, Natural Shrimp filed a Motion to Dismiss the Vista Complaint in this case. (ECF No. 6). On September 4, 2019, Vista filed an Opposition. (ECF No. 11). On September 9, 2019, Natural Shrimp filed a Reply. (ECF No. 12).

On November 1, 2019, the Court dismissed the Natural Shrimp Complaint in Case No. 19cv1239. On January 17, 2020, Natural Shrimp filed an amended complaint with leave of Court in Case No. 19cv1239.

## II. CONTENTIONS

Natural Shrimp contends that the Court should dismiss the Vista Complaint pursuant to the "first to file doctrine," which allows a court to dismiss a later-filed action that is based upon the same transaction as the earlier-filed action, and which must be filed as a counterclaim to the earlier-filed action. (ECF No. 6-1 at 2). Natural Shrimp contends that it filed the Natural Shrimp Complaint in Case No. 19cv1239 nine days before Vista filed the Vista Complaint in this case. Natural Shrimp contends that the Vista Complaint is based on the same transaction or occurrence as the Natural Shrimp Complaint. Natural Shrimp

contends that Vista's claim is a compulsory counterclaim to Natural Shrimp's first-filed claim pursuant to Rule 13 of the Federal Rules of Civil Procedure. Natural Shrimp further contends that the Court should issue sanctions against Vista in the amount of $6,510 because Vista "unreasonably and vexatiously multiplied proceedings" and failed to inform the Court that a related case was pending when it filed the Vista Complaint. (ECF No. 6-1 at 7).

Vista contends that the Court should not dismiss this case and instead should "consolidate this proceeding with [Natural Shrimp's case], and designate Vista as the Plaintiff in the consolidated proceeding." (ECF No. 11 at 17). Vista contends that it filed the "real first filed case" in state court in Dallas, Texas, on April 30, 2019. (*Id.* at 5). Vista contends that Natural Shrimp insisted on enforcing a forum selection clause in the Securities Purchase Agreement that required Vista to dismiss the Dallas Complaint. Vista contends Natural Shrimp filed the Natural Shrimp Complaint in San Diego while the Dallas case was still pending. Vista Contends that the Natural Shrimp Complaint is anticipatory, frivolous, and forum shopping. Vista further contends that Natural Shrimp's request for sanctions is frivolous.

## III. LEGAL STANDARD

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The first-to-file rule applies to actions filed in the same district. *See Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) (finding that "the first to file rule is not limited to cases brought in different districts"); *Blanchard Training & Dev, Inc. v. Leadership Studies, Inc.*, Case No. 15cv2142 WQH (KSC), 2016 U.S. Dist. LEXIS 25526, at *10-14 (S.D. Cal. Feb. 29, 2016) (dismissing second action pending before same judge pursuant to the first-to-file rule); *Intervet, Inc. v. Merial Ltd.*, 535 F. Supp. 2d 112, 114-15 (D.D.C. 2008) (finding that "when two actions are functionally the same, except the plaintiff in one action is the

defendant in the other and vice versa, and both actions are pending in the same district court . . . [t]he first-to-file rule provides a reasonable means to determine which action should be dismissed"); *but see Andreoli v. Youngevity Int'l, Inc.*, No. 16-cv-02922-BTM-JLB, 2018 U.S. Dist. LEXIS 49791, at *4-5 (S.D. Cal. Mar. 23, 2018) (declining to apply first-to-file rule to two cases pending before same judge, finding that "concerns of judicial efficiency and uniformity are not present"). Courts analyze three factors in determining whether to apply the first-to-file rule: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The cases and parties need not be completely identical for the first-to-file rule to apply, as long as there is "substantial similarity." *Id.* at 1240-41 (citations omitted); *see Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*, No. CIV 10-3134 KJM EFB, 2011 U.S. Dist. LEXIS 56026, at *3 (E.D. Cal. May 24, 2011) ("The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters.").

"The most basic aspect of the first-to-file rule is that it is discretionary . . . ." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). "The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments." *Wallerstein*, 967 F. Supp. 2d at 1292 (citing *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled in part on other grounds*, *Animal Legal Def. Fund v. U.S. FDA*, 836 F.3d 987 (9th Cir. 2016)). Accordingly, the first-to-file rule "should not be disregarded lightly." *Church of Scientology*, 611 F.2d at 749. In applying the first-to-file rule, "courts are not bound by technicalities." *Id.* "The decision and the discretion belong to the district court." *Alltrade, Inc.*, 946 F.2d at 628. The court may dispense with the first-to-file rule if the first lawsuit was filed in bad faith, the lawsuit was anticipatory, or the lawsuit involved forum shopping. *Id.*

IV. **DISCUSSION**

On April 30, 2019, Vista filed the Dallas Complaint in Dallas state court. On July 3,

2019, Natural Shrimp filed the Natural Shrimp Complaint in this Court in Case No. 19cv1239. On July 11, 2019, Vista and Natural Shrimp stipulated to dismissal of the Dallas Complaint. On July 12, 2019, Vista filed the Vista Complaint in this Court. The Dallas Complaint is no longer pending. The Natural Shrimp Complaint in Case No. 19cv1239 predates the Vista Complaint in this case. Natural Shrimp's case is the first-filed action.

Natural Shrimp and Vista are parties to both cases. The Court finds that there is "substantial similarity" between the parties. *Kohn Law Grp., Inc.*, 787 F.3d at 1240-41 (citations omitted); *Alltrade, Inc.*, 946 F.2d at 624 & n. 3, 629.

The claims in the Natural Shrimp Complaint and the Vista Complaint arise from the same series of alleged transactions or occurrences: Vista and Natural Shrimp entered into a Securities Purchase Agreement and Warrant, Vista attempted to acquire additional shares of Natural Shrimp's stock pursuant to the Warrant, and Natural Shrimp refused to allow Vista to acquire the additional shares. Natural Shrimp seeks rescission of the contract that Vista seeks to enforce. The issues in the two complaints overlap to such an extent that the Court would necessarily have to reference and analyze the allegations raised in the Natural Shrimp Complaint in order to assess the merits of the Vista Complaint. *See Kohn Law Grp., Inc.*, 787 F.3d at 1241 (applying the first-to-file rule where the issue in the second case was at the "heart" of the first case; the outcome of the first case was determinative in the outcome of the second case); *see also* Fed. R. Civ. P. 13(a) ("A pleading must state as a counterclaim any claim that . . . (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."). The Court finds that there is "substantial overlap between the two suits." *Kohn Law Grp., Inc.*, 787 F.3d at 1241. In addition, exercising jurisdiction over two separate cases would create duplicative litigation and unnecessary strain on judicial resources. The Court finds that "chronology of the lawsuits, similarity of the parties, and similarity of the issues" weigh in favor of applying the first-to-file rule. *Id.* at 1240.

The exceptions to the first-to-file rule—bad faith, anticipatory suit, and forum

shopping—protect a plaintiff from being "deprived of its traditional choice of forum because a defendant with notice of an impending suit first files a declaratory relief action over the same issue in another forum." *Inherent.com v. Martindale-Hubble*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006). Natural Shrimp filed the Natural Shrimp Complaint in Case No. 19cv1239 in San Diego, as agreed upon by the Parties in the Securities Purchase Agreement. (*See* Ex. C, ECF No. 11-2 at 12 ("The Company and, by accepting this Warrant, the Holder, each irrevocably (a) consent to and expressly submit to the exclusive personal jurisdiction of any state or federal court sitting in San Diego County, California in connection with any dispute or proceeding arising out of or relating to this Warrant, [and] (b) agree that all claims in respect of any such dispute or proceeding may only be heard and determined in any such court . . . .")). Natural Shrimp did not engage in forum shopping by filing in the forum in which the Parties agreed to file. In addition, the record does not support a finding that the Natural Shrimp Complaint was anticipatory or filed in bad faith. *See Therapy Stores, Inc. v. JGV Apparel Grp., LLC*, No. 4:16-CV-02588-YGR, 2016 U.S. Dist. LEXIS 115012, at *5 (N.D. Cal. Aug. 26, 2016) ("Bad faith is evident when the plaintiff in the first action induces the other party to rely, in good faith, on representations made by the plaintiff that it will not file first in order to preempt the other party from filing a suit in its preferred forum." (citation omitted)). The Court finds that the record does not support a finding of any exception to the first-to-file rule.

The Court concludes that in the interests of judicial efficiency and sound judicial administration, Natural Shrimp's case and Vista's case should be decided together, and the first-to-file rule applies. Natural Shrimp's Motion to Dismiss is granted, with leave for Vista to file its Complaint as a counterclaim in *Natural Shrimp, Inc. v. Vista Capital Investments, LLC et al.*, No. 3:19-cv-01239-WQH-BGS. *See Colortyme Fin. Servs. v. Kivalina Corp.*, 940 F. Supp. 269, 272 (D. Haw. 1996) (explaining that under the first-to-file rule, if an action should have been brought as a counterclaim to another pending action, "the later-filed action should be stayed, transferred or dismissed with leave to plead the counterclaims in the prior pending action").

Natural Shrimp further requests the Court award monetary sanctions against Vista for the cost of preparing the Motion to Dismiss. 28 U.S.C. § 1927[3] provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Section 1927 does not confer authority upon the Court to issue sanctions against a party. The Court finds that Vista's attorneys did not "multiply the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927. Natural Shrimp's request for sanctions is denied.

## V. CONCLUSION

IT IS HEREBY ORDERED that Natural Shrimp's Motion to Dismiss (ECF No. 6) is granted. Vista's Complaint is dismissed without prejudice, with leave to re-file as a counterclaim in *Natural Shrimp, Inc. v. Vista Capital Investments, LLC et al.*, No. 3:19-cv-01239-WQH-BGS. Vista shall file the counterclaim within thirty (30) days of the date of this Order. The Clerk shall close the case.

Dated: January 28, 2020

Hon. William Q. Hayes
United States District Court

---

[3] Natural Shrimp cites 28 U.S.C. § 1928 and 18 U.S.C. § 1927. However, the Court references the relevant section: 28 U.S.C. § 1927.